JAP:GKS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JESSICA ANDRADE and
RUBEN LOYOLA,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**15M1173**

C O M P L A I N T

(T. 21, U.S.C. § 963)

EASTERN DISTRICT OF NEW YORK, SS:

      ROBERT BASILE, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about December 7, 2015, within the Eastern District of New York and elsewhere, the defendants JESSICA ANDRADE and RUBEN LOYOLA, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. § 952(a).

      (Title 21, United States Code, Section 963).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.   On December 5, 2015, Customs and Border Protection ("CBP") officers conducted an enforcement examination of MSN Cargo Facility in Queens, New York. CBP officers inspected a parcel shipped from Ecuador bearing the number HAWB #19887, which contained six "LaUniversal Chocolate Superior" chocolate bars and other food items. The chocolate bars were probed, revealing a white powdery substance. CBP officers inspected the parcel with a dog, which responded with a positive alert. The white powdery substance field-tested positive for the presence of cocaine. The total approximate weight of the substance containing cocaine was 1,186.1 grams.

2.   The parcel bearing the number HAWB #19887 was addressed to Ana Figueroa Piedra at 6019 Linden St., Corona, NY 11368. The parcel was to be delivered to a store named Naciones Unidas where it was to be picked up by the recipient. HSI agents removed the cocaine from the parcel and delivered the parcel to Naciones Unidas. On or about December 7, 2015, the defendant JESSICA ANDRADE collected the parcel from Naciones Unidas. Upon receipt of the parcel, ANDRADE was placed under arrest.

3.   The defendant JESSICA ANDRADE was advised of her <u>Miranda</u> rights and agreed to speak with HSI agents. ANDRADE stated, in sum and substance, that she was to be paid approximately $500 by defendant RUBEN LOYOLA for collecting the parcel.

---

[1]   Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3

LOYOLA told ANDRADE that the parcel contained illegal items and that the parcel was "not clean." LOYOLA instructed ANDRADE to tell Naciones Unidas employees that the parcel contained chocolates and bread if they inquired. ANDRADE also stated, in sum and substance, that she believed she was picking up drugs. ANDRADE agreed to cooperate with HSI agents.

4. At the direction of HSI agents, the defendant JESSICA ANDRADE arranged to meet the defendant RUBEN LOYOLA in the vicinity of Roosevelt Ave. and 79th Street in Queens, New York. HSI agents were nearby conducting visual surveillance of the meeting. Upon meeting ANDRADE, LOYOLA stated that he believed she was being followed and instructed her to meet him in the vicinity of Elmhurst Hospital in Queens, New York. ANDRADE and LOYOLA met in the lobby of a nearby residential building in which, LOYOLA stated, he worked previously. As ANDRADE was handing LOYOLA the parcel, LOYOLA looked toward HSI agents near the door of the residential building. LOYOLA then fled and was eventually discovered in a bathroom in the basement of the residential building. LOYOLA was then placed under arrest.

5. The defendant RUBEN LOYOLA was advised of his <u>Miranda</u> rights and agreed to speak with HSI agents. He stated, in sum and substance, that a man in Ecuador offered him approximately $1,000 to collect the parcel after it arrived in the United States from Ecuador. LOYOLA stated that he owed money to an individual in Ecuador and that threats were made on LOYOLA's life if he did not pick up the parcel.

6. The defendant RUBEN LOYOLA was also identified by Naciones Unidas employees as an individual who attempted to collect the parcel bearing the number

4

HAWB #19887 on December 6, 2015. LOYOLA was unsuccessful because HSI agents were in possession of the parcel on that date. LOYOLA stated that because the parcel was addressed to a woman, LOYOLA recruited the defendant JESSICA ANDRADE to collect the parcel.

7. The defendant RUBEN LOYOLA stated, in sum and substance, that he was instructed to obtain a second cell phone by individuals in Ecuador. When LOYOLA attempted to pick up the parcel from Naciones Unidas on or about December 6, 2015, he gave store employees the number of his second cell phone as his contact number. LOYOLA also used this cell phone to contact the defendant JESSICA ANDRADE to arrange their meeting on or about December 7, 2015. When LOYOLA was arrested, he was not in possession of the phone and claimed it had fallen out when he ran from HSI agents.

8. WHEREFORE, your deponent respectfully requests that the defendants JESSICA ANDRADE and RUBEN LOYOLA be dealt with according to law.

_____
ROBERT BASILE
Special Agent
United States Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
8th day of December, 2015

_____
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK